UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ADRIAN SCOTT WARREN,

    Defendant.

CRIM. NO. SA-22-CR-414 JKP

## GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW the United States of America, by and through Assistant United States Attorney Tracy Thompson, and submits this sentencing memorandum for the Court's consideration in determining an appropriate sentence for the defendant, Adrian Scott WARREN. For the reasons stated below, the Government recommends a sentence of 30 years, which is the advisory Guidelines range, to be followed by a lifetime term of supervised release.

### Introduction

On November 14, 2023, the defendant pleaded guilty to the Sexual Exploitation of Children, a violation of 18 U.S.C. § 2251. PSR 4.  The PSR correctly calculates the criminal history category of I and a Guidelines sentencing range for imprisonment of life but is restricted due to the statutory maximum sentence of 360 months. PSR ¶ 67. Furthermore, the Sentencing Guidelines recommend imposition of the maximum term of supervised release, lifetime, for the defendant who has committed a sex offense. See U.S.S.G. § 5D1.2(b)1.

The government requests the Court impose a term of 30 years imprisonment followed by a lifetime term of supervised release considering the Guidelines, Guidelines Policy Statements and

18 U.S.C. § 3553(a) factors. Because the defendant not only engaged in a repeated pattern of sexual abuse and exploitation using a young boy, provided that child to at least one other individual for the purpose of sexually assaulting the child and showed up at a hotel to sexually a 9-year-old boy, 30 years imprisonment is reasonable.   It should be noted that the defendant was charged with an additional count of possession of child pornography and could have been charged with additional charges of distributing and receiving child pornography, resulting in a much higher advisory guideline sentence.   However, after the defendant was indicted in this case, he provided information to the government which led to the arrest and conviction of an individual who also sexually preyed on young boys, and like the defendant, was in a position of trust.   That individual was a teacher.   The defendant in the instant case was a licensed professional counselor.   It is contemptuous that his work included treating victims of sexual abuse and writing articles about the unique challenges male survivors of sexual assault face, why they don't disclose childhood sexual abuse, and how to best assist them.   The defendant knows more than most based on his education and training, as well as on his own personal experiences, what irreparable harm can be caused by the sexual abuse and exploitation of children.   Knowing this, after having studied the effects and been trained in trying to assist victims, he made the choice over and over and over again to prey on the most vulnerable children, forever adversely changing the course of their lives.

One of his supporters, Dr. Lisa Pearson wrote in her letter to this Court that she admired him, in part because he testified before the state legislature at 4:00 am, advocating ***for protection and effective treatment of the vulnerable***.   How can the defendant advocate "for protection and effective treatment of the vulnerable" while at the same time sexually assaulting and exploiting the vulnerable?   The defendant is creating the trauma in their lives requiring the treatment for which he is advocating.   He is a fraud.   His ability to engage in a career in any way related to

children struggling with sexual issues and sexual abuse while at the same time being a repeated and constant sexual predator is not just deceitful, it's wicked.

The psychological evaluation provided by the defendant also supports a lengthy prison sentence and lifetime supervised release. *See* Defense Exhibit 2, Dr. Samenow Report. The report establishes that the defendant began sexual offending behavior at the age of 11 when he sexually assaulted a 4-year-old child by digitally penetrating her. *Id*. at 7. He also attempted to have a 6-year-old boy anally penetrate his anus but was caught before he could make it happen. *Id*.  Although the report states the defendant does not have a previous criminal record, he clearly has previous criminal behavior. *Id*. at10. The defendant has been in psychotherapy for much of his life, but even as an adult he refused to discuss his sexual offending behavior for "fear of being reported." *Id*. at 9-10.    His own therapist indicated her shock at how he could offend against this child, while being a father and a mental health professional. *Id.* at 10.   Dr. Sabenow points out that this suggests a personality structure that is open to taking advantage of others without regard for their personal feelings and needs." *Id*. at 15.

The conclusions in the report limits the defendant's sexual deviant behavior to the sexual abuse and exploitation of CV1,and disregards other salient facts, such as the fact that the defendant was arrested when he immediately showed up at a hotel to sexually assault a 9-year-old boy, and that he had not only sexually assaulted and exploited CV1, but that he made him available to other pedophiles for their sexual gratification.

The defendant is a pedophile.   The evidence is not "mixed". *See* Defense Exhibit 2, Dr. Sabenow Report at 13.   The diagnosis requires three things. *Id*. at 12. First, the behavior involves sexual activity with a prepubescent child.   The victim in this case was seven years old when the sexual abuse and exploitation began. The defendant sexually assaulted a 4-year-old

3

child when he was only 11.   Second, the behavior occurs for at least six months.   The sexual abuse and exploitation of CV1, the victim in the instant case began when the child was only 7 years old and lasted the remainder of his childhood. However, as pointed out defendant's sexual deviant behavior began when he was only 11 and continue until he was arrested at age 45. Third, the sexual behaviors are either acted upon or caused marked distress or interpersonal difficulty.   In this case the sexual urges and behaviors were acted upon from the time the defendant was 11 and he first sexually assaulted a child up until his arrest when he showed up at a hotel to sexually assault what he thought was going to be a 9-year-old boy. The time in between was spend sexually assaulting and exploiting CV1, masturbating to images and videos of other children being sexually assaulted and abused. Defendant Adrian Scott Warren clearly fits the criteria for diagnosis as a pedophile.   Many parts of the report fail to consider all the facts in this case.   For example, on page 15 the report states "Mr. Warren does not demonstrate a pervasive pattern of violating the rights of others outside of his sexual offending behavior with [CV1]."   However, as set forth above, the defendant sexually preyed on a 4-year-old child and a 6-year-old child when he was only 11 years old.   It is well documented in studies and the hundreds of victim impact statements submitted to this Court that each time a victim's sexual abuse images are viewed by others or used for another's sexual gratification, that victim's privacy rights are violated. As a counselor dealing with victims of sexual abuse, the defendant is or should be well aware of that fact, yet still chose to traffic in the crime scene images of these victim's worst moments.

With regard to the testing for risk assessment, Dr. Sabenow acknowledges the significance that the defendant was not assessed any points for his sexual offense behavior as a child nor the fact that he possessed a large amount of child sexual abuse material and trafficked

in child sexual abuse material for a long time. *Id*. at 19.   Not only should this behavior be considered in determining his ongoing risk to the community, but it contradicts the description of the defendant as merely an "intrafamilial sex offender" who "does not have a sexual interest in prepubescent children" *Id.* at 19   The defendant presents a risk to the community and will for the rest of his life.   While that risk may be mitigated with sex offender treatment, it will not be eliminated.

This defendant's behavior merits a 30-year term of imprisonment followed by a lifetime term of supervised release, and is reasonable in light of the Guidelines, Guidelines Policy Statements and 18 U.S.C. § 3553(a) factors.[1]   Having calculated the Guidelines range as 360 months to be followed by a lifetime term of supervised release, the Court's reasoning must be guided by the sentencing considerations set forth in 18 U.S.C. § 3553(a).   *United States v. Smith*, 440 F.3d 704, 706 (5th Cir. 2006).   The recommended sentence also "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Those considerations reflect "the 'just deserts' concept, which carries the need for retribution, the need to make the punishment fit the crime, and the need not just to punish but to punish justly." *Irey*, 612 F.3d at 1206. The requirement is "not merely that a sentencing court . . . be stingy enough to avoid [a sentence] that is too long, but

---

1 Section 3553(a) requires the Court to consider the following factors in determining the appropriate sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established by the Sentencing Guidelines; (5) any pertinent Guidelines policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1).

also that it be generous enough to avoid one that is too short." *United States v. Irey*, 612 F.3d 1160, 1167 (11th Cir. 2010) (en banc).

The Fifth Circuit has recognized that sex offenders have a high rate of recidivism. *See United States v. Allison*, 447 F.3d 402, 405-406 (5th Cir. 2006) (Congress explicitly recognized the high rate of recidivism in convicted sex offenders, especially child sex offenders). In determining what sentence to impose, one of the § 3553 factors to consider is to protect the public from further crimes of the defendant. A sentence of 30 years followed by a lifetime term of supervised release would "afford adequate deterrence to criminal conduct" and would "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B)-(C). The defendant is a dangerous sex offender, because (1) he engaged in direct sexual contact with multiple minor victims, (2) he repeatedly exploited CV1 over a period of years, and (3) he provided CV1 to other individuals so they could sexually assault the child. A sentence of 30 years imprisonment followed by a lifetime term of supervised release is within the Guidelines range, and therefore reflects the kinds of sentences and the sentencing range established by the Sentencing Commission in its Guidelines and policy statements. See 18 U.S.C. § 3553(a)(3)-(5).

Individuals that produce child pornography are consistently sentenced to 30 years and more followed by a lifetime term of supervised release in the Western District of Texas. See, e.g., *United States v. Gerald Brann*, SA-23-CR-188 JKP (30 years and lifetime supervised release for the sexual exploitation of children); *United States v. Whipple*, SA-19-CR-013 XR (50 years for the repeated sexual exploitation of children and the distribution of those files online); *United States v. Wade Perkins*, SA-12-CR-1108 FB (30 years and lifetime supervision for sexual exploitation of children); *United States v. Kimberly Epperson*, SA-12-CR-1109 FB (28 years and 10 years supervision for sexual exploitation of a child); *United States v. Gemase Simmons,* SA-12-CR-108

6

FB (698 years and lifetime supervision for sexual exploitation of numerous children); *United States v. Xavier Drescher*, SA-22-CR-385 XR (30 years and lifetime supervision for sexual exploitation of children); *United States v. Dennis McCarthy,* SA-21-CR-008 JKP (30 years and lifetime supervision for sexual exploitation of children); *United States v. Daniel Vesa*, SA-19-CR-193 DAE (30 years and lifetime supervision for sexual exploitation of children); *United States v. Abiel Saldivar*, SA-22-CR-083 JKP (30 years and lifetime supervision for sexual exploitation of children); *United States v. Miguel Garcia*, SA-21-CR-119 JKP (30 years and lifetime supervision for sexual exploitation of children);

A guideline sentence of 30 years followed by lifetime supervised release would avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(6). Lifetime supervised release is reasonable. "Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). Supervised release is not a punishment in lieu of incarceration. *United States v. Granderson*, 511, U.S. 39, 50 (1994). The life term recommendation contained in Section 5D1.2(b) reflects powerful evidence indicating that recidivism rates for sex offenders do not appreciably decline as offenders age. See H.R. Rep. No. 107-527, at 2 (2002) (discussing the merits of a life term of supervised release for sexual offenders). Because, in sex crimes cases, there is no reason to believe that the need for supervision inherently decreases with time, Congress found lifetime supervised release to be appropriate and directly inserted such a recommendation into the Guidelines. *Id*. More specifically, passage of 18 U.S.C. § 3583(k) recognized the long-standing concerns of Federal judges and prosecutors regarding the inadequacy of the existing supervision periods for sex offenders, particularly for the perpetrators of child sexual abuse crimes, whose criminal conduct may reflect deep-seated aberrant sexual disorders

that are not likely to disappear within a few years of release from prison. Many of these offenders need long term or lifetime monitoring and oversight. H.R. CONF. REP. NO. 108-66, at 49-50 (2003), reprinted in 2003 U.S.C.C.A.N. 683, 684.

Federal District Judge John R. Adams, in *United States v. Cunningham*, 680 F. Supp. 2d 844, 847 (N.D. Ohio 2010), used a quote attributed to Nelson Mandela: "There can be no keener revelation of a society's soul than the way in which it treats its children." *Id.* at 847.   He continued, "Given the recent statistics surrounding child pornography, we are living in a country that is losing its soul." *Id.*   Any sentence below the statutory maximum, which is the advisory guideline range in this case, ignores the public's repulsion and horror at the thought of someone using an innocent child to fulfill one's own warped sexual desires. It ignores the atrocity, and lifelong harm to the victims of sexual abuse. These are crimes of violence and should be treated as such.   The defendant knows this.   The defendant has testified about the harmful effects of sexual abuse and how it must be effectively treated.   He has written articles about how difficult it is for adult male survivors of sexual abuse to disclose and the lifelong trauma that can result[2.] *See* Government Exhibit 1. The fact that he is so keenly aware of the damage caused by childhood sexual abuse and yet instead of helping those closest to him, chose to create yet another victim is diabolical and deserving of 30 years imprisonment.

## CONCLUSION

When the Court considers all the factors enumerated in 18 U.S.C. § 3553(a), the Guidelines and Guidelines Policy Statements, a Guidelines sentence of 30 years imprisonment followed by a lifetime term of supervised release is the reasonable and appropriate sentence. Such a sentence

---

2 Government Exhibit 1 is an article co-authored by the defendant titled Supporting disclosure for adult male survivors of child sexual abuse published in Counseling Today, A publication of the American Counseling Association in June 2021, in which defendant addresses the significant trauma faced by adult victims of childhood sexual abuse and the reasons why male victims of sexual abuse don't disclose the abuse.

generally deters the behavior exemplified by the defendant, imposes a reasonable sentence given the defendant's criminal conduct, imposes a sentence that will promote respect for the law, considers the kinds of sentences available and the sentencing range established by the Guidelines, will protect the public from further crimes of the defendant, and avoids unwarranted sentencing disparities among similarly situated defendants.

Respectfully submitted,

JAIME ESPARZA
United States Attorney

By:        /s/
TRACY THOMPSON
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I, Tracy Thompson hereby certify that on the 5th day of November 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*Marina Douenat*
*attorney for defendant Adrian Scott Warren*

/s/
TRACY THOMPSON
Assistant United States Attorney

9